UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GARY K. THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:07-cr-84 |
| ) | 1:09-cv-305 |
| ) | *Jordan* |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Petitioner Gary K. Thomas ("Thomas") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will be **DENIED** as time-barred and this action **DISMISSED**.

By judgment entered August 16, 2008, Thomas was sentenced to a term of imprisonment of 121 months pursuant to his guilty plea to conspiracy to manufacture and distribute 500 grams of methamphetamine; petitioner did not appeal his sentence. His § 2255 motion was filed on December 1, 2009.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of

limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final").

Thomas' judgment of conviction was entered on August 26, 2008; because he did not appeal, the judgment became final on September 10, 2008. Petitioner therefore had until September 10, 2009, within which to file his § 2255 motion. As noted, the motion was not filed until December 1, 2009. In a previous order, the court ordered Thomas to show cause why this action should not be dismissed as untimely.

In response, Thomas states that he sent all his paperwork to Michael Gills, the owner of the Prisoner Advocacy Group, in Dallas, Texas, and that Gills was to send in a § 2255 motion on behalf of Thomas; Thomas acknowledges that he told Gills he had one year to file the § 2255 motion. Thomas further states that he called Gills in August and was told by Gills that he had filed a motion for additional time to file the § 2255. Thomas later learned that no motion for extension of time had been filed. On November 16, 2009, he called Michael Gills and asked for the return of his documents as well as the $750.00 down payment for the

§ 2255 motion. According to Thomas, Gills refused and hung up on Thomas. Thomas contends the foregoing should be sufficient to excuse his failure to timely file the § 2255 motion.

The Sixth Circuit has found that the AEDPA's one year limitation period is subject to equitable tolling because it is a statute of limitation, not a jurisdictional bar. *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001). When determining whether equitable tolling is appropriate, the court must consider the following:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*. at 1008. However, "[t]hese factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)

Thomas has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). To obtain such relief, he must show "that he has been pursuing his rights diligently" and that "extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). In addition, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that

3

litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

By his own admission, Thomas was aware of the one-year statute of limitation. His only excuse for failing to comply with the statute is that he paid the Prisoner Advocacy Group to prepare the § 2255 motion for him. Such an allegation, however, will not justify equitable tolling. *See Winkfield v. Bagley*, 66 Fed.Appx. 578, 583-584 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. September 21, 2001)); *see also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990) (the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect").

Thomas' motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. Thomas having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                    s/ Leon Jordan
                                        United States District Judge